**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 28 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EDWARD L. PYEATT,

      Plaintiff-Appellant,

v.

DR. ANDERSON; CHARLES
ADAMS,

      Defendants-Appellees.

---

EDWARD L. PYEATT,

      Plaintiff-Appellant,

v.

WARDEN JOHN DOE,

      Defendant-Appellee.

---

EDWARD L. PYEATT,

      Plaintiff-Appellant,

v.

DR. DENNY; DR. JAN GARWOOD,

      Defendants-Appellees.

No. 01-1335
(District of Colorado)
(D.C. No. 01-Z-732)

No. 01-1336
(District of Colorado)
(D.C. No. 01-Z-733)

No. 01-1337
(District of Colorado)
(D.C. No. 01-Z-734)

## ORDER AND JUDGMENT[*]

Before **HENRY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

After examining appellant's briefs and the appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Edward Pyeatt, a federal prisoner, filed three complaints pursuant to 42 U.S.C. § 1983 asserting violations of his federal civil rights. In each case, the district court granted Pyeatt's motion to proceed *in forma pauperis*. Based on the financial information provided to the court, Pyeatt was ordered to pay an initial partial filing fee of $21.00 in each action or show cause why he had no means by which to pay the fee. *See* 28 U.S.C. § 1915(b)(1). Pyeatt was specifically directed that to show cause he was required to file a current certified copy of his prison trust fund account statement. He was also warned that his complaints would be dismissed if he failed to either pay the initial partial filing fees or show cause within thirty days. Pyeatt did not pay the partial filing fees or

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

provide the current trust fund account statement.  Consequently, the district court dismissed the complaints without prejudice.  Pyeatt then brought these appeals.

Pyeatt has filed motions to proceed *in forma pauperis* on appeal with this court.  Attached to those motions are copies of his prison trust fund account statement.  That statement indicates that Pyeatt had an average monthly balance of $124.70 in his trust account for the six-month period ending August 27, 2001.  Pyeatt has also filed an appellate brief in each appeal.  In those briefs, Pyeatt does not address the grounds upon which the district court dismissed his complaints but, instead, presents arguments that go to the merits of the claims asserted in his complaints.

Because the trust fund account statement filed with this court undermines Pyeatt's assertions that he is unable to pay any initial partial filing fee and because Pyeatt has not advanced any argument as to why the district court improperly dismissed his complaints, we conclude that Pyeatt's appeals are frivolous.  Accordingly, this court **dismisses** each of Pyeatt's appeals pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Pyeatt's motions to proceed *in forma pauperis* on appeal are **denied.**

The dismissal of each appeal counts as a strike for purposes of 28 U.S.C. § 1915(g).  Pyeatt, therefore, has accumulated three strikes and is hereby notified that he is precluded from proceeding *in forma pauperis* in any further civil

proceedings unless he is "under imminent danger of serious physical injury." *Id*. Pyeatt is further notified that despite this court's dismissal of his appeals, he remains obligated to continue making partial payments until his appellate filing fees are paid in full. *See id*. § 1915(b).

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge